## IN THE DISTRICT COURT OF THE VIRGIN ISLANDS

## DIVISION OF ST. CROIX

| | |
|---|---|
| URIAS DESIR, | |
| Plaintiff, | CIVIL NO. 2007/97 |
| v. | |
| HOVENSA, LLC, | **ACTION FOR DAMAGES** |
| Defendant. | JURY TRIAL DEMANDED |

## MOTION FOR SANCTIONS AGAINST DEFENDANT FOR MISREPRESENTATION TO COURT

**COMES NOW** Plaintiff Urias Desir (hereinafter "Plaintiff" or "Desir") by and through undersigned counsel and moves this Court for sanctions against Defendant HOVENSA, LLC for misrepresentations made to the court with regard to its objection as to relevancy of documents Plaintiff requested in its Demand for Production of Document No. 4.   As the basis for this motion Plaintiff avers and demonstrates as follows:

This cause of action initiated on August 14, 2007 (Doc No. 1) centers around Plaintiff's claims that during the course of his employment at Defendant HOVENSA's refinery he was subjected to numerous instances of race discrimination where he was denied various positions and promotions in favor of Caucasian individuals who were less qualified than Plaintiff and received less pay than Caucasian individuals in similar positions. In an effort to garner the necessary evidence from Defendant's control and pursuant to Federal Rules of Civil Procedure Rule 26 and 34, Plaintiff on October 20, 2008 propounded his Demand for Production of Documents to Defendant.  (Doc No. 17).   Included therein was Demand No. 4 which sought documents related to *inter alia* the pay rate of certain

**Desir, U. v. HOVENSA, Civil No. CIVIL NO. 2007/97**
**Motion for Sanctions Against Defendant for Misrepresentation to Court**
**Page 2**

positions for which Plaintiff alleges he was qualified and applied for but was not selected due to race discrimination or held but received less pay than his Caucasian counterparts. Defendant responded to Plaintiff's Demand No. 4 and objected on grounds that the information requested by Plaintiff was irrelevant to the cause of action and Defendant therefore refused to produce the requested documents. Plaintiff's Demand and Defendant's Response is as follows:

> **Demand No. 4**: Please produce any and all documents and communications depicting the duties, educational background, work history, qualifications, pay rate, dates of employment, race, sex, and national origin of any and all individuals who ***were/are employed in*** the positions of, or positions with different titles but akin to, Terminal Shift Superintendent, Dock Superintendent and/or Tank Field Maintenance, from 1979 to the present.
>
> **Response to Demand No. 4**: Objection, this request is grossly over broad and irrelevant as it requests "any and all documents and communications regarding "the duties, educational background, work history, qualifications, pay rate, dates of employment, race, sex, and national origin of any and all individuals" employed as "Terminal Shift Superintendent, Dock Superintendent and/or Tank Field Maintenance, from 1979 to the present" which may encompass thousands of documents generated in the normal course of business. Further, it requests confidential information of non-party individuals which violates their privacy interests and is subject to a *Thomas v. IMC* showing that Plaintiffs have not made. *See also Lewis v. Cost-V-Less,* No. 616/1997, slip. op. (Terr. Ct. March 5, 2001); and *Nobles v. Jacobs/IMC,* No. *2002126,* (Dist. Ct. July 8, 2003).This demand is grossly over broad and burdensome in requesting documents over a time span of 26 years. HOVENSA did not become the owner and operator of the St. Croix refinery until October 30, 1998. Therefore, this request for documents earlier than that date is over broad in time span, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence as HOVENSA cannot be held liable for, and has no authority to answer as to any

**Desir, U. v. HOVENSA, Civil No. CIVIL NO. 2007/97**
**Motion for Sanctions Against Defendant for Misrepresentation to Court**
**Page 3**

request referencing an event occurring prior to that date.

Notwithstanding said objections and without waiving same, see:

May 15, 2006 Notice HOVENSA job opening for Superintendent, Terminal Dock produced in HOVENSA's Rule 26 disclosures bates numbers UD0235.

June 5, 2006 Notice of HOVENSA job opening for Superintendent-Tank Field produced in HOVENSA's Rule 26 disclosures bates numbers UD0236.

February 1, 2006 Terminal Dock Superintendent job description, attached as bates number UD0306-UD0308.

June 2006 Superintendent-Tank Field job description, attached as bates number UD0309-UD0311.

Michael McDonald, Superintendent-Tank Field see interview submissions produced in response to Demand for Production number 12, and Michael McDonald's personnel file produced in response to Demand for Production number 16.

Jean-Pierre Thomas, Dock Superintendent see interview submissions produced in response to Demand for Production number 12.

On June 17, 2010, Plaintiff filed with this court a Motion to Compel Defendant to Supplement its Response to Plaintiff's Demand No. 4. (Doc. No. 55). Plaintiff in his Motion submitted to the court that Defendant's objections as to relevancy were erroneous and Plaintiff was entitled to show that HOVENSA had a pattern or practice of discrimination in its management of the refinery and to establish pay rates and relative qualifications. Plaintiff pointed out that courts often permit discovery of personnel files and detailed information regarding similarly situated employees. *See, e.g., Hardrick v. Legal Services Corp.,* 96 F.R.D. 617 (D.D.C. 1983) (permitting discovery of "employees in similar

**Desir, U. v. HOVENSA, Civil No. CIVIL NO. 2007/97**
**Motion for Sanctions Against Defendant for Misrepresentation to Court**
**Page 4**

circumstances to determine if the employer treats *all* of its employees under those circumstances in the same manner, or whether it treats employees similarly situated differently."); *McClain v. Mack Trucks, Inc.,* 85 F.R.D. 53 (E.D.Pa. 1979) (permitting discovery of similarly situated employees who were in the job category to which plaintiff belonged). Plaintiff submitted to this court that as he has alleged disparate treatment, he may obtain discovery regarding other employees. '[P]ositions that are relevant for discovery purposes are the positions that the plaintiff occupied or requested promotions into.'" See *Gaul v. Zep Mfg. Co.,* CIVIL ACTION NO. 03-2439, 2004 U.S. Dist. LEXIS 1990 *9 (E.D. Pa. 2004) (Quoting *Hicks v. Arthur,* 159 F.R.D. 468, 471 (E.D. Pa. 1995). Plaintiff informed the court that he recognized that these files may contain sensitive material and expressed willingness to enter into a confidentiality order regarding this information. *See, e.g., Miles v. Boeing Co.,* Civil Action No. 93-3063, 1994 U.S. Dist. LEXIS 2744 (E.D. Pa. 1994).

Defendant opposed Plaintiff's motion to compel a response to Demand No. 4 and misrepresented to this court that the information requested by Plaintiff in Demand No. 4 should not be ordered to be produced because it is irrelevant. Defendant submitted to this court that "any information regarding any other positions such as Terminal Shift Superintendent . . . is totally irrelevant to this matter." *See* Def's Resp. to Pl's Mot. to Compel, July 6, 2010, at p. 17 (Doc No. 59). This court on September 17, 2010 incorrectly relied on Defendant's misrepresentation and decided that Defendant had produced sufficient information in response to Demand No 4. *See* Doc. No. 70, p. 3. Defendant therefore never produced the documents Plaintiff requested in his demand.

<u>Desir, U. v. HOVENSA, Civil No. CIVIL NO. 2007/97</u>
<u>Motion for Sanctions Against Defendant for Misrepresentation to Court</u>
**Page 5**

On May 2, 2011, Defendant filed a Motion for Summary Judgment and submitted its Statement of Undisputed Facts ("Statement") in support of its motion. *See* Doc Nos. 82, 83. In Paragraphs 12 and 13 of Defendant's Statement, Defendant states as follows:

> 12. With regard to his complaint of pay and benefits discrimination and, in support of that claim and in response to HOVENSA's Interrogatory No. 9, Desir stated that, "Frank Martin who is a white male was paid a substantially greater amount than I was paid as a Terminal Shift Supervisor. I do not know the exact amount, but I do know that he was being paid more than I was." *Desir's Response to HOVENSA's Interrogatory No. 9*, attached as *Exhibit D.*
>
> 13. Desir admitted that he did not know how much Martin was making. *Exhibit A* at 108.

First, Defendant's Statement of Facts as reproduced above incorrectly cites to Plaintiff's response to Interrogatory No. 9. Plaintiff was deposed on June 21, 2010 and specifically corrected the record and stated that his allegation as to disparity in pay was in reference to such time when Martin held the position of Terminal Shift Superintendent and not Terminal Shift Supervisor. *See* Deposition of Urias Desir, pp. 108-109, attached **Exhibit 1**.

Second, Defendant has submitted to this court its' Motion for Summary Judgment and uses as support for its motion the fact that Plaintiff cannot demonstrate that Frank Martin, a white male who was Terminal Shift Superintendent like Plaintiff, was paid more than Plaintiff. *See* Deposition of Urias Desir, pp. 108-109, attached **Exhibit 1**. Defendant argues this despite it falsely representing to this court in its opposition to Plaintiff's motion to compel that "any information regarding any other positions such as Terminal Shift Superintendent . . . is totally irrelevant to this matter." *See* Def's Resp. to Pl's Mot. to

**Desir, U. v. HOVENSA, Civil No. CIVIL NO. 2007/97**
**Motion for Sanctions Against Defendant for Misrepresentation to Court**
**Page 6**

Compel, July 6, 2010, at p. 17 (Doc No. 59).  HOVENSA refused to produce the pay rate for Frank Martin in discovery, and even now refuses to proffer it to counter Plaintiff's claim, yet HOVENSA brazenly argues in its Motion for Summary Judgment that there is no evidence of discrimination in the pay rates between Plaintiff and Frank Martin because it refused to produce those documents.

It is manifestly unjust for Defendant to now use its improper "win" as a weapon to argue that Plaintiff cannot show exactly what Martin was earning, especially after Defendant argued in its Opposition to the Motion to Compel that "any information regarding any other positions such as Terminal Shift Superintendent . . . is totally irrelevant to this matter."  Plaintiff is now unable to provide direct evidence that Martin was making more money than even the more senior Black Shift Superintendents in the Terminal Department.  This blatant misrepresentation cannot be sustained by this court.

Pursuant to this court's inherent power to sanction, Plaintiff respectfully submits that this court should sanction Defendant for misrepresenting to this court that the information requested by Plaintiff in his Demand No. 4 was irrelevant and for averring the same in its signed opposition to Plaintiff's Motion to Compel.  Plaintiff requests that the form of sanctions be that Defendant immediately produce the documents requested by Plaintiff as to the salaries and qualifications of the other Terminal Shift Superintendents during the time period Plaintiff worked at the refinery and provide a Federal Rule of Civil Procedure Rule 30(b)(6) witness to testify to the same.

**Desir, U. v. HOVENSA, Civil No. CIVIL NO. 2007/97**
**Motion for Sanctions Against Defendant for Misrepresentation to Court**
**Page 7**

                        RESPECTFULLY SUBMITTED
                        LAW OFFICES OF ROHN AND CARPENTER, LLC
                        Attorneys for Plaintiff

DATED:  June 16, 2011        BY:  *s/ Lee J. Rohn*
                                  Lee J. Rohn, Esq.
                                  VI Bar No. 52
                                  1101 King Street
                                  Christiansted, St. Croix
                                  U.S. Virgin Islands 00820
                                  Telephone: (340) 778-8855
                                  Fax: (340) 773-2954

## CERTIFICATE OF SERVICE

    **THIS IS TO CERTIFY** that on June 16, 2011, I electronically filed the foregoing with the Clerk of the court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

    Linda J. Blair, Esquire
    Law Offices of Bryant, Barnes, Beckstedt
    & Blair, LLP
    1134 King Street, 2nd Floor
    Christiansted, VI  00820
        Attorney For: HOVENSA, LLC

                                BY:  *s/ Lee J. Rohn*  (rl)