DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| URIAS DESIR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil No. 2007/97 |
| ) | |
| HOVENSA, L.L.C., ) | |
| ) | |
| Defendant. ) | |

AMBROSE, Senior District Judge

### MEMORANDUM ORDER OF COURT

Pending is Defendant's Motion for Transfer of Venue Pursuant to 28 U.S.C. § 1404(b). (ECF No. 164). Plaintiff opposes Defendant's Motion. (ECF Nos. 176-177). Defendant filed a Reply Brief in Support of its Motion on August 2, 2012. (ECF No. 181). Defendant seeks an intradistrict transfer of venue of this employment discrimination case from the Division of St. Croix to the Division of St. Thomas and St. John pursuant to 28 U.S.C. § 1404(b)[1] based upon its claim that the residents of St. Croix are so biased against Defendant that Defendant cannot receive a fair trial in St. Croix. Defendant argues that recent media coverage critical of Hovensa's decision to close its refinery on St. Croix has heightened the highly negative beliefs against the refinery that have become ingrained in the community throughout the years. For the reasons set forth below, Defendant's Motion for Transfer is denied.

When making an intradistrict transfer decision, an analysis of the factors applied to interdistrict transfers under Section 1404(a) guides the Court, but under a less rigorous standard. At a minimum the Court must consider whether a transfer would be convenient to the parties and witnesses and in the interest of justice. See, e.g., Echevarria v. Piccolo, 1:10-CV-

---

[1] Section 1404(b) provides in pertinent part: "Upon motion, consent or stipulation of all parties, any action, suit or proceeding of a civil nature or any motion or hearing thereof, may be transferred, in the discretion of the court, from the division in which pending to any other division in the same district." 28 U.S.C. § 1404(b). As the statute states, intradistrict transfers are within the discretion of the Court.

00642-EJL, 2012 WL 523676, at *6 (D. Idaho Feb. 16, 2012); Cottier v. Schaeffer, Civ. No. 11-5026-JLV, 2011 WL 3502491, at *1 (D.S.D. Aug. 10, 2011).  Because the parties focus their attention on the "interest of justice" inquiry, I do the same here.

After careful review, I disagree that the residents of St. Croix are so biased against Hovensa that Defendant cannot receive a fair trial in St. Croix.  Neither the "report" showing the "ingrained bias" of St. Croix residents nor the newspaper articles attached to Defendant's Motion persuade me that the closing of the Hovensa refinery has had such an impact on St. Croix residents that a fair trial involving Defendant is impossible.  In this regard, I agree with Magistrate Judge Cannon's observations in denying six similar motions for transfer that the negative attitudes that may have been contained in the early wave of media coverage largely have subsided and that recent coverage focuses on how the community is coping with the reality of the refinery's closure.  See ECF No. 177-1 (June 29, 2012 Opinion of Magistrate Judge George W. Cannon, Jr.).  Moreover, despite Defendant's accusations of longstanding ingrained bias, there is no evidence that before its recent spate of filings, the company had moved to transfer on bias grounds the many other lawsuits that have been filed against it throughout the history of the refinery in St. Croix.  There likewise is no indication that the numerous civil trials on St. Croix involving Hovensa throughout the years have been unfair.  Finally, I agree with Plaintiff that the evidence indicates that the Hovensa refinery closure has impacted the entire territory of the Virgin Islands and that the closure has similarly exacerbated the bias of St. Thomas residents against Hovensa.

For the above reasons, and because I believe that potential jurors in this action can be screened effectively for bias through the proper use of *voir dire* during the jury selection process, I find that transfer of venue is not warranted in the interest of justice under the circumstances of this case.

THEREFORE, this 7th day of August, 2012, it is ordered that Defendant's Motion for Transfer of Venue Pursuant to 28 U.S.C. § 1404(b) (ECF No. 164) is denied.

BY THE COURT:

s/ Donetta W. Ambrose
Donetta W. Ambrose
United States Senior District Judge